### MATILDA WELLS v. STATE.
No. A-4474.   Opinion Filed Aug. 23, 1924.
(228 Pac. 177.)

(Syllabus.)

**Appeal and Error—Conviction not Reversed Because of Conflicting Evidence.** Where the defendant is charged with and convicted of keeping a house of prostitution, and there is evidence in the record which, if believed, is sufficient to sustain the conviction, the judgment will not be reversed merely because the evidence is conflicting.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

Matilda Wells was convicted of the offense of keeping a house of ill fame, and she appeals. Affirmed.

J. F. Thomas, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This prosecution originated in the county court of Comanche county, on an information charging the plaintiff in error, Matilda Wells, hereinafter referred to as defendant, with having, on the 28th day of February, 1922, kept and maintained at No. 307½ D avenue, in the city of Lawton, a house of ill fame, of assignation and prostitution, wherein persons visited for unlawful sexual intercourse, etc.

The prosecution is based on section 1890, Compiled Statutes 1921, which reads as follows:

"Any person who keeps any bawdyhouse, house of ill fame, of assignation, or of prostitution, or any other house or place for persons to visit for unlawful sexual intercourse, or for any other lewd, obscene or indecent purpose, is guilty of a misdemeanor and upon conviction shall be fined in any sum not less than one hundred dollars nor more than five hundred dollars for each offense."

The jury returned a verdict of guilty as charged in the information, and assessed the punishment of defendant at a fine of $400 and costs.

The only assignment of error presented for consideration is that the evidence is insufficient to sustain the conviction. The evidence on the part of the state proves that the defendant was the keeper and manager of a certain rooming house at No. 307½ D avenue, in the city of Lawton, on the 28th day of February, 1922, and had been for some months prior thereto; that the officers of both the city and county made raids on the said premises on several occasions during the time this defendant had the management of said place; that on such occasions women who were prostitutes were found rooming in said premises; that the defendant was notified of that fact, but continued to let such persons room there; that on one occasion a man was found in a bed room with a woman who was almost entirely undressed, and that the

premises, during the time that the defendant was a keeper thereof, had a general reputation in that locality of being a place of assignation and prostitution.

The defendant testified that she had charge of the place for her mother during her mother's absence; that her mother had the lease on the premises, and that if any prostitution took place therein she had no knowledge thereof. She denied that the officers had warned her that the women she was keeping were prostitutes, and further testified that she had no personal knowledge that they were prostitutes. We think this evidence shows conclusively that the defendant was the keeper of the place, within the meaning of the statute. Jones v. State, 10 Okla. Cr. 79, 133 Pac. 1134.

While there is some conflict in the evidence, we think that the evidence, as a whole, is sufficient to support the verdict and judgment under the repeated holdings of this court, which are not necessary to cite in this opinion. The judgment is therefore affirmed.

BESSEY and DOYLE, JJ., concur.